FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2017 AUG 24  AM 11: 08

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

COY MCBROOM, on behalf of himself
and others similarly situated,

   Plaintiff,

vs.

CASE NO.

2:17-cv-481-FtM-99MRM

ISLAND CONSTRUCTION LLC, a
Florida Limited Liability Company, and
SHAWN LONGAKER, Individually,

   Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, COY MCBROOM, on behalf of himself and other employees and former employees similarly situated, by and through the undersigned counsel, files this Complaint against Defendants, ISLAND CONSTRUCTION LLC and SHAWN LONGAKER, Individually, (collectively, "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201., et seq. (hereinafter the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(h).

### PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Lee County, Florida.

4. At all times material hereto Defendant, ISLAND CONSTRUCTION LLC, is a Florida Limited Liability Company with a principle place of business located at 16205 S TAMIAMI TRAIL 2, FORT MYERS, FL 33908 and was engaged in business in Lee County, Florida.

5. At all times relevant to this action, Defendant, SHAWN LONGAKER, was an individual resident believed to be residing in Lee County, Florida.

6. At all times relevant to this action, Defendant, SHAWN LONGAKER, managed and operated ISLAND CONSTRUCTION LLC.

7. At all times relevant to this action, SHAWN LONGAKER regularly exercised the authority to hire and fire employees of ISLAND CONSTRUCTION LLC.

8. At all times relevant to this action, SHAWN LONGAKER determined the work schedules for the employees of ISLAND CONSTRUCTION LLC.

9. At all times relevant to this action, SHAWN LONGAKER controlled the finances and operations ISLAND CONSTRUCTION LLC.

10. At all times relevant to this action, SHAWN LONGAKER was an employer as defined by 29 U.S.C. 201 et. seq.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

12. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

13. Defendants were, and continue to be "employers" within the meaning of FLSA.

14. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

15. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendants were in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including but not limited to: construction supplies and equipment and ordering and receiving goods that are moving or will move in interstate commerce.

18. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

19. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

20. The additional persons who may become plaintiffs in this action are/were non-exempt employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours and/or who worked for Defendants in one or more work weeks and were not paid at least minimum wage for all hours worked.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. From on or about 2005 through March 4, 2017, Defendants hired Plaintiff to work

3

as a nonexempt driver for the construction company and was paid $15.00 per hour plus reimbursement for mileage and auto expenses.

23. At various material times hereto, Defendants changed Plaintiff's timesheet and did not pay Plaintiff for all hours worked resulting in unpaid overtime wages.

24. At various material times hereto, Defendants added mileage reimbursements to Plaintiff's wages resulting in excess tax deductions.

25. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

26. From at least August 2014 and continuing through March 4, 2017, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

27. Defendants have violated Title 29 U.S.C. §206 and 207 from at least February 2013 and continuing through September 2015 in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

28. Plaintiff has retained the law firm of BERKE LAW FIRM, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its Services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 — 28 as if incorporated herein.

30. From at least August 2014 and continuing through March 4, 2017, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

31. Rather, throughout his employment Defendants paid Plaintiff, and all employees similarly situated, an hourly but they were not paid for all hours worked including overtime wages.

32. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiffs regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

34. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

35. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered

and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

38. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

39. Based upon information and belief, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

g. Ordering any other further relief the Court deems just and proper.

Dated this 23rd day of August 2017.

                        BERKE LAW FIRM, P.A.

By: _____
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorneys for Plaintiff*