UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COY MCBROOM, on behalf of himself
And others similarly situated,

    Plaintiff,

vs.                                                  CASE NO. 2:17-cv-481-FtM-99MRM

ISLAND CONSTRUCTION LLC and
SHAWN LONGAKER,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT

    COMES NOW the Parties, COY MCBROOM, ISLAND CONSTRUCTION LLC, and SHAWN LONGAKER, by and through their counsel, and move the Court to approve the settlement in this matter and in support state the following:

1. On August 24, 2017, Plaintiff, COY MCBROOM, filed a Complaint against Defendants, ISLAND CONSTRUCTION LLC and SHAWN LONGAKER pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201., et seq. (hereinafter the "FLSA") to recover unpaid wages, liquidated damages and reasonable attorney's fees and costs. [Doc 1].

2. On January 15, 2019, at mediation, Defendants agreed to pay and Plaintiff agreed to accept $2,330.00 to resolve this wage and hour claim and $7,670.00 for an award of attorney's fees and costs. *See Memorandum of Mediated Settlement attached as Exhibit A.*

3. On January 16, 2019 the Court issued an Order requesting the details of the settlement between the parties. [Doc 30].

4. Based upon a review of Plaintiff's claims, Plaintiff believes and represents that he has been paid a fair and reasonable settlement for all work he performed on Defendants' behalf, and that the settlement between the parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues, in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

5. Parties now seek approval of Plaintiff's claim.

## MEMORANDUM OF LAW

There are two ways by which FLSA claims may be settled, compromised or released by an employee. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d F.2d 1350, 1352-53 (11th Cir. 1982). The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which is relied on in this case, permits resolution of disputed claims on terms that are fair and reasonable, with judicial approval:

> Settlements are permissible in the context of a suit brought by employees under the FLSA for back wages because ignition of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of stator rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354; *see also Brooks v. Continental Property Services, Inc.*, 2008 WL 781825 (M.D. Fla., Mar. 19, 2008)(approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, 2008 WL 875981 (M.D. Fla., Mar, 27, 2008)(same).

**WHEREFORE**, the Parties, respectfully request that this Court grant this Motion for Approval of Settlement.

| | |
|---|---|
|     /s/ Bill B. Berke | /s/ Jack C. Morgan III |
| Bill B. Berke, Esquire | Jack C. Morgan III, Esquire |
| Florida Bar No. 0558011 | Florida Bar No. 0126527 |
| BERKE LAW FIRM, P.A. | ALOIA ROLAND LUBELL & MORGAN |
| 4423 Del Prado Boulevard S | 2254 First Street |
| Cape Coral, FL 33904 | Fort Myers, FL 33901 |
| Telephone: 239.549.6689 | Telephone: 239.791.7950 |
| berkelaw@yahoo.com | jmorgan@floridalegalrights.com |
| chris.berkelaw@gmail.com | lclement@floridalegalrights.com |
| | mmcbride@floridalegalrights.com |

*Attorney for the Plaintiff*            *Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system.

By:     /s/ Jack C. Morgan III
                  Jack C. Morgan III, Esquire
                  Florida Bar No. 0126527