UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COY MCBROOM, on behalf of himself and
others similarly situated,

    Plaintiff,

v.                                                Case No:   2:17-cv-481-FtM-99MRM

ISLAND CONSTRUCTION LLC and
SHAWN LONGAKER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve Settlement, filed on January 17, 2019, (Doc. 31), and Notice of Filing Memorandum of Mediated Settlement, filed on January 29, 2019, (Doc. 33). Plaintiff Coy McBroom and Defendants Island Construction LLC and Shawn Longaker jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims asserted in this case. After a careful review of the parties' submissions and the court file, the Undersigned cannot recommend approval of the proposed settlement, as it currently stands.

### LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The

second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

## ANALYSIS

Here, there are five (5) issues that preclude a finding of fairness and reasonableness: (1) the discrepancy in the amount of the settlement; (2) the non-payment or non-allocation of liquidated damages; (3) the signatures on the Memorandum of Mediated Settlement; (4) the amount of attorney's fees; and (5) the discrepancy between the amount claimed versus the amount of the settlement

### I.     Discrepancy in Amount of Settlement

In the Joint Motion to Approve Settlement, the parties state, "[o]n January 15, 2019, at mediation, Defendants agreed to pay and Plaintiff agreed to accept $2,330.00 to resolve this wage and hour claim and $7,670.00 for an award of attorney's fees and costs." (Doc. 31 at 1). Thus, from these figures, the total amount of the settlement is $10,000.00 ($2,330.00 + $7,670.00 = $10,000.00). (Doc. 31 at 1). In the Memorandum of Mediated Settlement, however, the total non-allocated settlement amount is $12,000.00. (Doc. 33 at 1). The parties do not explain this discrepancy in either the Joint Motion to Approve Settlement or in the Memorandum of Mediated Settlement. Until the parties adequately address and explain this discrepancy, the Undersigned finds that the Court cannot adequately review the proposed settlement for fairness and reasonableness.

### II.    Allocation of Damages

Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount

of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." (Emphasis added). A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Thus, when a settlement occurs in a FLSA case, the Court must review the amount of unpaid wages paid and the amount of liquidated damages paid, if any, for reasonableness and fairness.

Here, in the Memorandum of Mediated Settlement, the parties state that Plaintiff agrees to accept $12,000.00 in full and final settlement of Plaintiff's claims in this case. (Doc. 33 at 1). In the Joint Motion to Approve Settlement, the parties state that "Defendants agreed to pay and Plaintiff agreed to accept $2,330.00 to resolve this wage and hour claim." (Doc. 31 at 1).

Assuming $2,330.00 is the correct amount of the settlement, the parties failed to indicate what portion of this amount is allocated to unpaid wages and what portion is allocated to liquidated damages. For this Court to approve any proposed settlement, the parties must directly address the issue of liquidated damages. Otherwise, the Court can only speculate as to the parties' intentions. If the payment amount to Plaintiff of $2,330.00 is not equally divided between unpaid wages and liquidated damages, then the parties must provide justification for the Court to waive the requirement of liquidated damages under the FLSA. Until the parties have addressed this issue, the Undersigned finds that the Court cannot adequately review the proposed settlement for fairness and reasonableness.

### III. Signatures on the Memorandum of Mediated Settlement

In this case, the operative Second Amended Complaint and Demand for Jury Trial brings this action against Island Construction LLC and Shawn Longaker. (Doc. 27 at 1). The caption on the Memorandum of Mediated Settlement only lists Island Construction, LLC as the Defendant. Further, only "Plaintiff," "Attorney for Plaintiff," "Defendant," and "Attorney for Defendant" signed the Memorandum of Mediated Settlement. Thus, it appears that only one Defendant signed the Memorandum of Mediated Settlement and this signature is illegible. (Doc. 33 at 4). The Court acknowledges that the parties state that "at mediation, *Defendants* agreed to pay and Plaintiff agreed to accept" certain monies to settle this matter. (Doc. 31 at 1 (emphasis added)). However, the Memorandum of Mediated Settlement does not include signatures for both Defendants or otherwise explain why additional signatures are omitted. Until the parties have adequately addressed and explained this issue, the Undersigned finds that the Court cannot adequately review the proposed settlement to determine if the parties in all of their capacities agreed to the terms and conditions of the settlement.

### IV. Attorney's Fees

In the Joint Motion to Approve Settlement, the parties state that they agree to the amount of "$7,670.00 for an award of attorney's fees and costs." (Doc. 31 at 1). As the Court explained in its January 16, 2019 Order, the parties were to provide information as to whether the attorney's fees were agreed upon separately and without regard to the amount paid to Plaintiff, *see Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009), or provide the number of hours worked by Plaintiff's attorney and the hourly rate of Plaintiff's attorney.

As explained in *Bonetti*, 715 F. Supp. 2d at 1228, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the

4

settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

Until the parties have addressed this issue, the Undersigned finds that the Court cannot adequately review the proposed settlement for fairness and reasonableness.

### V.   Amount Claimed Versus the Amount of the Settlement

In Plaintiff's Answers to Court's Interrogatories, Plaintiff states that the total claim was for "$8,090.00 *plus liquidated damages, attorney's fees and costs*." (Doc. 20-1 at 2 (emphasis added). In the Joint Motion to Approve Settlement, Plaintiff agreed to settle his wage and hour claim for $2,330.00. (Doc. 31 at 1). Plaintiff failed to explain the discrepancy between his original claim of $8,090.00 that represents only past due wages and the proposed settlement amount of $2,030.00 that he agreed to accept to resolve his wage and hour claim. Without an explanation, the Undersigned can only speculate as to the reasonableness and fairness of this settlement and cannot adequately review the proposed settlement.

## CONCLUSION

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food Stores* as to the fairness and reasonableness of the proposed settlement in this case.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Joint Motion to Approve Settlement (Doc. 31) be **DENIED** without prejudice.

2) The parties be ordered to elect one of the following options **no later than March 15, 2019**:[1]

   a. File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein and file a settlement agreement that includes all of the parties' signatures; or

   b. Prepare the case for trial pursuant to April 4, 2018 Scheduling Order (Doc. 23).

Respectfully recommended in Chambers in Ft. Myers, Florida on January 30, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

---

[1] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties