UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COY MCBROOM, on behalf of himself
And others similarly situated,

     Plaintiff,

vs.                               CASE NO. 2:17-cv-481-FtM-99MRM

ISLAND CONSTRUCTION LLC and
SHAWN LONGAKER,

     Defendants.
_____/

## <u>AMENDED JOINT MOTION TO APPROVE SETTLEMENT</u>

COMES NOW the Parties, COY MCBROOM, ISLAND CONSTRUCTION LLC, and SHAWN LONGAKER, by and through their counsel, and move the Court to approve the settlement in this matter and in support state the following:

1. On August 24, 2017, Plaintiff, COY MCBROOM, filed a Complaint against Defendants, ISLAND CONSTRUCTION LLC and SHAWN LONGAKER pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201., et seq. (hereinafter the "FLSA") to recover unpaid wages, liquidated damages and reasonable attorney's fees and costs. [Doc 1].

2. Subsequent thereto, Plaintiff also filed an action in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, Case No.: 17-CA-003792 against Defendant Island Construction LLC for purportedly retaliating against Plaintiff for making a workers compensation claim

3. In the current FLSA claim that is before this Court, Plaintiff sued Defendant Island Construction LLC and its owner, Shawn Longaker, however in the State Court case, Plaintiff sued only Island Construction LLC.

4. On January 15, 2019, at mediation, Defendant Shawn Longaker appeared on behalf of Defendant Island Construction LLC and in his personal capacity in this FLSA claim.

5. At the mediation Defendants agreed to pay and Plaintiff agreed to accept a total settlement award of $4,330.00 to resolve his State claim for retaliation and this FLSA claim for unpaid overtime wages.

6. Specifically, Defendant Island Construction LLC agreed to pay $2,000.00 to Plaintiff in compensation for the State Court retaliation claim, while both Defendants agreed to pay Plaintiff $2,330.00 to resolve this FLSA claim. *See Memorandum of Mediated Settlement, Doc 33.*

7. Separately, and after Plaintiff agreed to accept $2,330.00 to resolve his wage claim, Plaintiff and both Defendants agreed to pay $7,670.00 for an award of attorney's fees and costs.

8. A copy of the Mediated Settlement Agreement was filed with this Court on January 29, 2019. [Doc 33].

9. Initially, the Magistrate and the Court denied the Parties' Joint Motion for Approval and requested further explanation regarding the distribution of the mediated settlement amounts and which Defendants were to be held liable under the Mediated Settlement Agreement.

10. Based upon a review of Plaintiff's claims, Plaintiff believes and represents that he has been paid a fair and reasonable settlement for all work he performed on Defendants' behalf, and that the settlement between the parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues, in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

11. Parties now seek approval of Plaintiff's claim through this, their Amended Joint Motion to Approve Settlement.

## MEMORANDUM OF LAW

There are two ways by which FLSA claims may be settled, compromised or released by an employee. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d F.2d 1350, 1352-53 (11th Cir. 1982). The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which is relied on in this case, permits resolution of disputed claims on terms that are fair and reasonable, with judicial approval:

> Settlements are permissible in the context of a suit brought by employees under the FLSA for back wages because ignition of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of stator rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354; *see also Brooks v. Continental Property Services, Inc.*, 2008 WL 781825 (M.D. Fla., Mar. 19, 2008)(approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, 2008 WL 875981 (M.D. Fla., Mar, 27, 2008)(same).

**WHEREFORE**, the Parties, respectfully request that this Court grant this Motion for Approval of Settlement.

 /s/ Bill B. Berke                    /s/ Jack C. Morgan III

Bill B. Berke, Esquire            Jack C. Morgan III,  Esquire

Florida Bar No. 0558011        Florida Bar No. 0126527

BERKE LAW FIRM, P.A.         ALOIA ROLAND LUBELL & MORGAN

4423 Del Prado Boulevard S     2254 First Street

Cape Coral, FL 33904                    Fort Myers, FL 33901
Telephone:  239.549.6689                Telephone:  239.791.7950
berkelaw@yahoo.com                      jmorgan@floridalegalrights.com
chris.berkelaw@gmail.com                lclement@floridalegalrights.com

*Attorney for the Plaintiff*            *Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14<u>th</u> day of <u>March</u> <u>2019</u>, I electronically filed

the foregoing with the Clerk of the Court by using CM/ECF system.


/s/ Jack C. Morgan III
Jack C. Morgan III, Esquire
Florida Bar No. 126527