UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COY MCBROOM, on behalf of himself and
others similarly situated,

    Plaintiff,

v.                                                      Case No:   2:17-cv-481-FtM-99MRM

ISLAND CONSTRUCTION LLC and
SHAWN LONGAKER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Undersigned are the parties' Amended Joint Motion to Approve Settlement, filed on March 14, 2019, (Doc. 37), and Notice of Filing Memorandum of Mediated Settlement, filed on January 29, 2019, (Doc. 33). Plaintiff Coy McBroom and Defendants Island Construction LLC and Shawn Longaker jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims asserted in this case.

A brief procedural history is instructive. On January 30, 2019, the Undersigned entered a Report and Recommendation (Doc. 35). In the January 30 Report and Recommendation, the Undersigned recommended that the initial January 17, 2019 Joint Motion to Approve Settlement (Doc. 31) be denied for five (5) reasons. As stated in the Report and Recommendation, they are: "(1) the discrepancy in the amount of the settlement; (2) the non-payment or non-allocation of liquidated damages; (3) the signatures on the Memorandum of Mediated Settlement; (4) the amount of attorney's fees; and (5) the discrepancy between the amount claimed versus the amount of the settlement." (Doc. 35 at 2). The Report and Recommendation was adopted in an Opinion and Order (Doc. 36), entered on February 14, 2019. (Doc. 36 at 2-3). The presiding

District Judge ordered the parties to "file an amended joint motion that adequately address[es] the issues identified by the Magistrate Judge along with a settlement agreement that is signed by all parties." (Doc. 36 at 3). The presiding District Judge cautioned the parties that "[i]f no amended motion and agreement is timely filed, the parties shall be prepared to proceed with the case to trial." (*Id.*).

In response, the parties filed the instant Amended Joint Motion to Approve Settlement (Doc. 37), but continue to rely on the original Memorandum of Mediated Settlement filed on January 29, 2019. (Doc. 37; Doc. 33). After a careful review of the parties' submissions and the court file, the Undersigned cannot recommend approval of the proposed settlement, as it currently stands.

## LEGAL STANDARD

The legal standard set forth in the January 30 Report and Recommendation applies equally to the instant Joint Motion. Thus, the Court reiterates it here. To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit has held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## ANALYSIS

As stated above and bears repeating here, in the January 30 Report and Recommendation, the Undersigned raised five (5) issues that precluded a finding of fairness and reasonableness: (1) the discrepancy in the amount of the settlement; (2) the non-payment or non-allocation of liquidated damages; (3) the signatures on the Memorandum of Mediated Settlement; (4) the amount of attorney's fees; and (5) the discrepancy between the amount claimed versus the amount of the settlement. (Doc. 35 at 2). The Undersigned finds that the parties adequately explained some of these concerns in their Amended Joint Motion, but failed to explain adequately others and, upon a close examination of the Memorandum of Mediated Settlement, the Undersigned raises one additional concern. The Undersigned addresses all of these concerns below.

### I. Discrepancy in Amount of Settlement

In the January 17 Joint Motion, the parties indicated that they were settling this matter for $10,000.00 and, in the Memorandum of Mediated Settlement, the parties indicated that they were settling this matter for $12,000.00. (Doc. 31 at 1: Doc. 33 at 1). The parties did not explain this

discrepancy in their prior filings. In the Amended Joint Motion, the parties explain that they settled: (1) Plaintiff's state-court retaliation claim for $2,000.00; (2) the present federal FLSA claim for $2,3300.00; and (3) Plaintiff's counsel's attorney's fees for $7,670.00. (Doc. 37 at 2 ¶¶ 5-7). Thus, the total settlement equaled $12,000.00 and the total FLSA settlement equaled $10,000.00. The Undersigned finds that the parties have adequately explained the discrepancy in the settlement amounts.

## II. Allocation of Damages

As the Undersigned explained in the January 30 Report and Recommendation, pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." (Emphasis added). A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Thus, when a settlement occurs in a FLSA case, the court must review the amount of unpaid wages paid and the amount of liquidated damages paid, if any, for reasonableness and fairness.

In the January 30 Report and Recommendation, the Undersigned found that the parties agreed to settlement the FLSA wage claims for $2,330.00, but did not indicate what portion of this amount is allocated to unpaid wages and what portion is allocated to liquidated damages. (Doc. 35 at 3). In the March 14 Amended Joint Motion, the parties indicate that "Defendants agreed to pay Plaintiff $2,330.00 to resolve this FLSA claim." (Doc. 37 at 2 ¶ 6). Once again,

4

the parties failed to indicate what portion of this amount is allocated to unpaid wages and what portion, if any, is allocated to liquidated damages.

> The Undersigned explained in the January 30 Report and Recommendation:
>
> For this Court to approve any proposed settlement, the parties must directly address the issue of liquidated damages. Otherwise, the Court can only speculate as to the parties' intentions. If the payment amount to Plaintiff of $2,330.00 is not equally divided between unpaid wages and liquidated damages, then the parties must provide justification for the Court to waive the requirement of liquidated damages under the FLSA. Until the parties have addressed this issue, the Undersigned finds that the Court cannot adequately review the proposed settlement for fairness and reasonableness.

(Doc. 35 at 3). The parties did not address this issue and, thus, the Undersigned cannot assess the proposed settlement for fairness and reasonableness.

### III.   Signatures on the Memorandum of Mediated Settlement

As explained in the January 30 Report and Recommendation, the operative Second Amended Complaint and Demand for Jury Trial brings this action against Island Construction LLC and Shawn Longaker. (Doc. 27 at 1). The caption on the Memorandum of Mediated Settlement only lists Island Construction, LLC as Defendant. (Doc. 33 at 3). Further, only "Plaintiff," "Attorney for Plaintiff," "Defendant," and "Attorney for Defendant" signed the Memorandum of Mediated Settlement. (Doc. 33 at 4). Thus, it appears that only one Defendant signed the Memorandum of Mediated Settlement and this signature is illegible. (*Id.*).

The parties explain that Plaintiff brought a state-court case against only Defendant Island Construction LLC for retaliation for bringing a workers compensation claim. (Doc. 37 at 1). Plaintiff also brought this action against both Defendants Island Construction LLC and Shawn Longaker under the FLSA for unpaid wage violations. (*Id.*). The parties stated that "[o]n January 15, 2019, at mediation, Defendant Shawn Longaker appeared on behalf of Defendant Island Construction LLC and in his personal capacity in this FLSA claim." (*Id.* at 2). The

5

parties further explain that only Defendant Island Construction LLC will be paying the $2,000.00 to settle the state-court workers compensation retaliation action, and both Defendants agreed to pay the $2,330.00 to resolve the FLSA claim. (*Id.*).

The parties fail to explain how a signature in what appears to be Defendant Shawn Longaker's individual capacity binds Island Construction LLC to the terms of the Memorandum of Mediated Settlement. In addition, the parties fail to explain how their representations comply with the presiding District Judge's Opinion and Order that provides in relevant part, "[t]he parties *shall file . . . a settlement agreement that is signed by all parties*." (Doc. 36 at 3 (emphasis added)). Thus, until the parties have remedied this issue, the Undersigned cannot adequately review the proposed Memorandum of Mediated Settlement (Doc. 33) to determine if all of the parties agree and will be bound by the terms and conditions of the settlement.

### IV.   Attorney's Fees

In the January 30 Report and Recommendation, the Undersigned required the parties to explain whether the attorney's fees in the amount of $7,670.00 were agreed upon separately and without regard to the amount paid to Plaintiff, *see Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009), or provide the number of hours worked by Plaintiff's attorney and the hourly rate of Plaintiff's attorney. The parties stated that "[s]eparately, and after Plaintiff agreed to accept $2,330.00 to resolve his wage claim, Plaintiff and both Defendants agreed to pay $7,670.00 for an award of attorney's fees and costs." (Doc. 37 at 2 ¶ 7). The Undersigned finds that the parties have satisfactorily explained that they negotiated the amount of attorney's fees separate from and after a negotiated resolution of Plaintiff's unpaid wage claim. Thus, the Undersigned finds that this issue is resolved.

### V. Amount Claimed Versus the Amount of the Settlement

As explained in the January 30, 2019 Report and Recommendation, in Plaintiff's Answers to Court's Interrogatories, Plaintiff states that the total claim was for "$8,090.00 *plus liquidated damages, attorney's fees and costs*." (Doc. 20-1 at 2 (emphasis added)). In the Amended Joint Motion, Plaintiff agreed to settle his wage and hour claim for $2,330.00. (Doc. 37 at 2). Although not directly addressing this issue, Plaintiff states that he "believes and represents that he has been paid a fair and reasonable settlement for all work he performed on Defendants' behalf, and that the settlement between the parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)." (Doc. 37 at 2 ¶ 10). This conclusory statement does not inform the Undersigned as to why Plaintiff originally sought $8,090.00 plus liquidated damages and now is settling for $2,330.00 as to all damages. Without a more fulsome explanation, the Undersigned can only speculate as to the reasonableness and fairness of this settlement and cannot adequately review the proposed settlement.

### VI. Final Release

In the Memorandum of Mediated Settlement, Plaintiff "shall execute and deliver to Defendant[s'] counsel within five (5) days a full and final release in a form prepared by, or reasonably accepted by Defendants' counsel." (Doc. 33 at 4 ¶ 3). The parties did not provide the language of this full and final release for the Undersigned's review.

The *Lynn's Food Stores* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness

determination.  *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010).  The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims."  *Id.*  Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible."  *Id.* (citation omitted).

This Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351.  Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA."  *Id.*  This Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer."  *Id.* at 1352.

Here, the parties did not provide the language for the full and final release.  As such, the task of determining adequate consideration for such forgone and unknown claims is impossible. The Undersigned is, therefore, wholly unable to determine whether this aspect of the proposed settlement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, this Undersigned cannot make the requisite determination under *Lynn's Food Stores* as to the fairness and reasonableness of the proposed settlement in this case.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Amended Joint Motion to Approve Settlement (Doc. 37) be **DENIED** without prejudice.

2) The parties be ordered to elect one of the following options **no later than May 3, 2019**:[1]

    a. File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein and file a settlement agreement that includes all of the parties' signatures; or

    b. Prepare the case for trial pursuant to April 4, 2018 Scheduling Order (Doc. 23).

Respectfully recommended in Chambers in Ft. Myers, Florida on March 22, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.