UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COY MCBROOM, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.                              CASE NO.: 2:17-cv-481

ISLAND CONSTRUCTION LLC and
SHAWN LONGAKER,

    Defendants.
_____/

## SECOND AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT

COMES NOW, the Parties, COY MCBROOM, ISLAND CONSTRUCTION LLC and SHAWN LONGAKER, by and through the undersigned attorneys and state the following:

1. On January 15, 2019, the Parties mediated and reached a settlement in this matter.

2. Pursuant to the FLSA, the parties now seek Court approval of the proposed settlement of this action and state the following:

3. Plaintiff alleges he worked off the clock and in excess of forty hours in a single work week and was not paid for all hours worked and overtime wages. Plaintiff also filed a retaliation claim in State Court; Coy McBroom v. Island Construction, LLC 17-CA-003792. Defendants deny these allegations.

4. The Plaintiff and Defendants' agreed to fully resolve Plaintiff's Retaliation Claim and FLSA claim, including attorneys' fees for the total amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), of which Plaintiff will receive Two Thousand

Three Hundred Thirty Dollars and Zero Cents ($2,330.00) broken down as follows: One Thousand Six Hundred five Dollars and Zero Cent ($1,165.00) for liquidated damages and One Thousand Six Hundred Five Dollars and Zero Cents ($1,165.00) for lost wages, for the FLSA claim. In addition, Plaintiff will receive Two Thousand Dollars and Zero Cents ($2,000.00) for the Retaliation claim. Plaintiff's Attorney will receive $7,670.00 in attorney fees in full and final settlement of both of Plaintiff's claims.

5. On October 17, 2017, Plaintiff answered the Court's Interrogatories and claimed he was due $8,090.00 for unpaid wages. Plaintiff alleged he was not paid for all hours worked including overtime hours. Defendant contends that Plaintiff was an independent contractor and not an employee as defined by the FLSA. See Answer and Affirmative Defense. [Doc 14]

A *bona fide* dispute exists between the Parties in this case regarding the application of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, ("FLSA") and whether Plaintiff was entitled under the FLSA to payment of the overtime wages sought.

To avoid the risks and costs associated with further litigation, the Plaintiff has accepted Defendant's offer in the amount of $2,330.00 to resolve his wage claim. This amount includes settlement of Plaintiff's alleged FLSA claims including all claims for wages and liquidated damages. The Parties recognize that the settlement amount for alleged lost wages is a compromise of, and departure from, the amount that Plaintiff estimated as his damages in his answers to the Court's Interrogatories. However, the Parties submit that the resolution of this case is fair and reasonable given the risks, uncertainties, and expense of further litigation for all. The Parties request that the Court

approve the settlement as fair and reasonable in this case given the nature of the dispute, the legal issues involved and the risks and costs associated with further litigation.

6. Pursuant to the Mediation Settlement Agreement, the Plaintiff hereby releases the Defendants' from all FLSA and Florida Statutes 440.205 claims. While general releases are typically disfavored in FLSA cases, *see Moreno v. Regions Bank*, 729 Supp.2d 1346, 1352 (M.D. Fla. 2010), "courts within this district have approved general releases in FLSA cases when the Plaintiff receives compensation to other consideration that is separate and apart from the benefits to which Plaintiff is entitled under the FLSA." *Martini v. Bridgewater Inn of Matlacha, LLC*, 2:15-CV-658-FTM-38CM, 2016 WL 3556803, at *2 (M.D. Fla. 2016), *report and recommendation adopted sub nom. Buntin v. Square Foot Mgmt. Co., LLC*, 6:14-CV-1394-ORL-37GJK, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015). In *Burtin v. Square Foot Management Company, LLC*, the Court specifically approved mutual general release and neutral referenced clauses in an FLSA settlement agreement, finding that the Plaintiff received independent consideration apart from that owed to him under the FLSA.

7. Based upon a review of Plaintiff's claims, Plaintiff believes and represents that he has been paid a fair and reasonable settlement for all work he performed on Defendants' behalf, and that the settlement between the parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues, in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

8. Plaintiff's attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiff in settlement of his FLSA claim, and Plaintiff's recovery was not adversely affected by the amount of fees paid to his attorney.

3

## MEMORANDUM OF LAW

There are two ways by which FLSA claims may be settled, compromised or released by an employee. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which is relied on in this case, permits resolution of disputed claims on terms that are fair and reasonable, with judicial approval:

> Settlements are permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*, at 1354; *see also Brooks v. Continental Property Services, Inc.*, 2008 WL 781825 (M.D. Fla., Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, 2008 WL 875981 (M.D. Fla., Mar, 27, 2008) (same).

WHEREFORE, the parties respectfully request that the Court approve the Joint Motion for Approval of Settlement and enter an order dismissing this case, with prejudice, with each party to bear costs and attorneys' fees as per the Settlement Agreement.

DATED this 15th day of May 2019,

/s/ BILL B. BERKE
Bill B. Berke, Esq.
Florida Bar No.: 558011
BERKE LAW FIRM, PA
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: 239.549.6689
Email: billbberke@gmail.com
*Attorneys for Plaintiff*

/s/ JACK C. MORGAN
Jack C. Morgan, Esq.
Florida Bar No.: 01265217
ALOIA ROLAND LUBELL & MORGAN
2254 First Street
Fort Myers, FL 33901
Telephone: 239.791.7950
Email: jmorgan@floridalegalrights.com
*Attorneys for Defendant*

_____
Plaintiff Coy McBroom

_____
Defendant Island Construction, LLC

_____
Defendant Shawn Longaker

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of May, 2019 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Jack C. Morgan, III, Esq., ALOIA, ROLAND, LUBELL & MORGAN, PLLC, 2254 1st Street, Fort Myers, FL 33901.

BERKE LAW FIRM, P.A.
/s/ Bill B. Berke
Bill B. Berke, Esq.
Florida Bar No. 0558011
billbberke@gmail.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorneys for Plaintiff*

5