UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COY MCBROOM, on behalf of himself and
others similarly situated,

    Plaintiff,

v.                                          Case No.:   2:17-cv-481-FtM-99MRM

ISLAND CONSTRUCTION LLC and
SHAWN LONGAKER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Second Amended Joint Motion for Approval of Settlement, filed on May 20, 2019, (Doc. 44), and Notice of Filing Settlement Agreement, filed on May 28, 2019, (Doc. 46).  Plaintiff Coy McBroom and Defendants Island Construction LLC and Shawn Longaker jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims asserted in this case.  After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement.[1]

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

[1] The parties have attempted repeatedly to obtain approval by the Court for their settlement in this case and dismissal.  (*See* Doc. 29; Doc. 31; Doc. 37; Doc. 40; and Doc. 43).  Here, the parties have finally provided sufficient information – albeit in a nonconventional format – for the Undersigned to make a determination as to whether the settlement is a fair and reasonable resolution of a bona fide dispute regarding Plaintiff's FLSA claim.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354.  In this regard, the Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

In the Second Amended Complaint (Doc. 27), Plaintiff alleges that from October 2015 through March 4, 2017, Plaintiff worked as a nonexempt driver for the construction company and was paid an hourly wage plus reimbursement for mileage and auto expenses.  (Doc. 27 at 3-4 ¶ 22).  Plaintiff claims that Defendants did not pay him for all hours worked, which resulted in unpaid overtime wages.  (*Id.* at 4 ¶ 23).  In addition, Plaintiff claims that Defendants added mileage reimbursements to Plaintiff's wages, which resulted in excess tax deductions.  (*Id.* at 4 ¶

24*).* Plaintiff also claims that he worked in excess of forty (40) hours per week, but was not paid appropriately for these overtime hours. (*Id.* at 4 ¶¶ 25-27).

Defendants contend that Plaintiff was an independent contractor and not an employee of Defendants. (Doc. 44 at 2).

The parties clarified in the Notice of Filing Settlement Agreement that the only settlement agreement in this case is the Memorandum of Mediated Settlement. (Doc. 46 at 1; Doc. 46-1). The Memorandum of Mediated Settlement is not signed by Shawn Longaker. (Doc. 46-1 at 2). However, the Second Amended Joint Motion for Approval of Settlement is signed by all of the parties. (Doc. 44 at 5). The terms of the settlement are contained within the Second Amended Joint Motion for Approval of Settlement (*see id.*) and, thus, the Undersigned finds that all of the parties have approved the terms and conditions contained therein.

## ANALYSIS

Even though a *bona fide* dispute exists between the parties (*see id.* at 2), the parties successfully negotiated a settlement of Plaintiff's claims (*id.* at 2, 3). The parties agreed to settle this matter to avoid the risks and costs associated with further litigation. (*Id.* at 2).[2] Plaintiff accepted Defendants' offer of $2,330.00 to resolve his wage claim. (*Id.*). The parties state that this settlement amount "is a compromise of, and departure from, the amount that Plaintiff

---

[2] In the Second Amended Joint Motion, the parties admit that this settlement is a compromise. (Doc. 44 at 2). This statement directly contradicts the Notice of No Compromise and Joint Stipulation of Dismissal With Prejudice, filed on May 8, 2019. (Doc. 40). In that document, Plaintiff states that "he did not compromise his claims for wages or liquidated damages under the Fair Labor Standards Act." (*Id.* at 1). The Undersigned cannot reconcile these two conflicting statements. Nevertheless, the Undersigned determines that the settlement *is* a compromise based upon a comparison of Plaintiff's original demand, (Doc. 20-1 at 2 (seeking $8,090.00 in damages plus liquidated damages)), and the ultimate settlement, (Doc. 44 at 2 (settling for $2,330.00)), and the Undersigned reviews the most recent Second Amended Joint Motion to determine if it is a fair and reasonable resolution of the dispute.

estimated as his damages in his answers to the Court's Interrogatories. However, the Parties submit that the resolution of the case is fair and reasonable given the risks, uncertainties, and expense of further litigation for all." (*Id.*).

*Monetary Terms and Resolution of Retaliation Claim*

Defendants agree to pay Plaintiff a total of $12,000.00, which consists of: (1) $1,165.00 in resolution of alleged his unpaid wages claim; (2) $1,165.00 for liquidated damages; (3) $2,000.00 for resolving the State-court retaliation claim; and (4) $7,670.00 in attorney fees. (Doc. 44 at 1-2). The Undersigned finds that the parties were represented by experienced counsel and agree that the settlement amount is fair and reasonable. (Doc. 44 at 2-3).

*Release of Claims*

The Memorandum of Mediated Settlement contains the following provision, "Plaintiff shall execute and deliver to Defendants' counsel within five (5) days a full and final release in a form prepared by, or reasonably accepted by Defendants' counsel." (Doc. 46-1 at 2). The Second Amended Joint Motion states that "[p]ursuant to the Mediation Settlement Agreement, the Plaintiff hereby releases the Defendants' [sic] from all FLSA and Florida Statutes 440.205 claims [sic]." (Doc. 44 at 3). The Undersigned finds that the provision in the Second Amended Joint Motion is the full and final release referenced in the Memorandum of Mediated Settlement. Thus, Plaintiff agrees to a specific (not general) release of his FLSA claim and received additional consideration of $2,000.00 for a release of the State-court retaliation claim. *See Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015). The Undersigned finds that this provision appears fair and reasonable.

*Attorney's Fees*

The proposed settlement includes an agreement that Defendants pay Plaintiff's attorney's fees in the amount of $7,670.00. (Doc. 44 at 2). The parties state, "Plaintiff's attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiff in settlement of his FLSA claim, and Plaintiff's recovery was not adversely affected by the amount of fees paid to his attorney." (Doc. 44 at 3). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff. (Doc. 44 at 3). The Undersigned finds, therefore, that the proposed settlement of Plaintiff's attorney's fees is reasonable and fair.

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable, and should be approved by the Court.

## CONCLUSION

The Undersigned finds that the Second Amended Joint Motion for Approval of Settlement (Doc. 44) and the Memorandum of Mediated Settlement (Doc. 46-1) appear reasonable on their faces. Accordingly, the Undersigned recommends that the Second Amended Joint Motion for Approval of Settlement (Doc. 44) be granted and both the Second Amended Joint Motion and the Memorandum of Mediated Settlement (Doc. 46-1) be approved.

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1) The Second Amended Joint Motion for Approval of Settlement (Doc. 44) be **GRANTED**.

2) The Second Amended Joint Motion for Approval of Settlement (Doc. 44) and Memorandum of Mediated Settlement (Doc. 46-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

3) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 21, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties